[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court has before it an application or motion to confirm an arbitration award concerning a claim for legal fees by the plaintiff against the defendants, Rock Acquisition Limited Partnership and Fairfield Resources Management, Inc., that was rendered by the Connecticut Bar Association Fee Arbitration Program based on an application for arbitration filed by the above named defendants.
There is also before the court an application or motion to vacate, correct or modify the above described arbitration award and for a stay filed by the above named defendants.
The major area of dispute is the extent of the award as it may apply to a vaguely defined claim of legal malpractice. The plaintiff claims the award includes a decision on defendants' malpractice claim. The defendants claim the award does not include the question of malpractice. The court, having examined the submission documents in this case, and the role of the arbitrators reflected in the scope of the program furnished by the Connecticut Bar Association, finds that the award must be limited to the reasonableness of the fees and does not contemplate the more lengthy and relatively complicated issues of a breach of a standard of care.
The defendants did choose to submit the issues of the reasonableness of plaintiff's fees to arbitration and cannot now dispute the award of reasonable attorney's fees as determined by the award. The plaintiff, by submitting to the arbitration, CT Page 4054-G cannot claim an expansion of the scope of the award to include malpractice claims.
The defendants claim that they were limited in the evidence they were permitted to present to the arbitrators. By letter, dated October 5, 1995, defendants' attorney was directed to forward "his brief identifying the facts, proposed evidence and law upon which his clients rely." By the Association's Rules for Arbitration § IV. 2, the chair of the panel shall rule on the admission and exclusion of evidence. Having complied with the October 5, 1995 request, the court deems it sufficient that the proposed evidence, or what should have been proposed, was a valid basis for the chair to define the nature and extent of the evidence to be more formally presented to the board. After choosing arbitration, and having had the opportunity to present to the Board their proposed evidence, the defendants cannot now complain that they had a right to repeat their proposed evidence before the board after the chair declined to have, what presumably was not admissible, be presented to the board.
The plaintiff has requested legal fees for bringing this action in accordance with the provisions of the retainer agreement. By paragraph O of plaintiff's Respondent's Agreement, a request is made that a part of its award include "its reasonable costs and attorneys' fees for this entire procedure, in addition to the outstanding fees now disputed." Thus, the court finds the award, in accordance with the submission, includes these requested fees and costs.
The defendants, after requesting arbitration, now ask that the court enter a stay of the award. The court denies this request. The defendants chose to bifurcate this matter and now seek to claim bifurcation to be inappropriate. The defendants must abide by their original choice. Based on the foregoing, plaintiff's application to confirm the arbitration award is granted, and a judgment may enter in favor of the plaintiff and against the defendants subject to the award for $112,640 plus interest at the rate of 10 percent from November 20, 1995, the date of the award.
Based on the foregoing, defendants' motion to vacate, correct or modify the subject arbitration award is denied.
Stodolink, J. CT Page 4054-H